11-659-cr
United States v. Peterson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand twelve.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.*

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                        *Appellee*,

            v.                                      No. 11-659-cr

SCOTT PETERSON,
                        *Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:      Elizabeth D. Mann, Tepper Dardeck Levins & Gatos, LLP, Rutland, Vermont.

FOR APPELLEE:       Heather E. Ross, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

---

* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 10, 2011, is AFFIRMED.

Scott Peterson, who pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), 846, appeals his statutory minimum 60-month prison sentence, a variance from his 87-to-108-month Guidelines range. Specifically, Peterson challenges the district court's finding that he is not eligible for safety-valve relief from the mandatory minimum sentence because he did not truthfully disclose all information concerning his offense conduct to the government. See 18 U.S.C. § 3553(f)(5). We review the district court's finding for clear error, see United States v. Conde, 178 F.3d 616, 620 (2d Cir. 1999), and we identify none here.

To qualify for safety-valve relief, Peterson bore the burden of proving by a preponderance of the evidence that he truthfully disclosed all information concerning his offense conduct to the government. See 18 U.S.C. § 3553(f)(5); United States v. Jimenez, 451 F.3d 97, 103 (2d Cir. 2006). Following an evidentiary hearing, the district court found that Peterson had not fully disclosed the identities of his cocaine suppliers. While Peterson acknowledged only a single supplier, Khali Peters, Peters himself testified before a grand jury that Peterson had other suppliers. Further, in 27 recorded conversations between Peterson and drug purchaser Michael Riley subsequent to Peters's arrest, Peterson referenced alternative sources of supply and made plans for a large sale. Moreover, Riley and Greg Hill,

2

another drug purchaser, testified at the hearing to differences in the packaging and type of cocaine they obtained from Peterson, circumstances suggesting different suppliers.

Peterson did not testify at the hearing or offer other evidence to the contrary. Nevertheless, he argues that the district court clearly erred in refusing to credit his counsel's assertions that (1) the cocaine Peterson sold to Riley and Hill was, in every case, supplied by Peters, who had different suppliers of his own; and (2) Peterson's participation in planning a future sale to Riley after Peters's arrest was only a pretense for Peterson's actual plan to rob Riley. We are not persuaded. Assuming that the district court could have credited counsel's unsworn proffer as to Peterson's knowledge and intent, see United States v. Gomez, 580 F.3d 94, 105 (2d Cir. 2009) ("The sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come." (internal quotation marks omitted)), Peterson points us to no law that it was compelled to do so, particularly on a matter where Peterson bore the burden and the hearing evidence supported a contrary inference, see United States v. Conde, 178 F.3d at 620; see generally Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Under these circumstances we identify no error in the district court's finding that Peterson failed to carry his burden of proving his eligibility for safety-valve relief.

3

We have considered Peterson's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court